# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDRICK VON SEYDEWITZ,

    Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

    Respondents.

Case No. 3:14-cv-00212-LRH-VPC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 12).

**I. Procedural History**

In the Eighth Judicial District for the State of Nevada, petitioner was convicted, pursuant to a guilty plea, of attempted lewdness with a child under the age of 14 and attempted sexual assault on a minor under the age of 14. (Exhibit 56).[1] The judgment of conviction was filed June 16, 2010. (*Id.*). Petitioner was sentenced to two concurrent terms of 8-20 years in prison. (*Id.*) Petitioner did not appeal the judgment of conviction.

On October 20, 2010, petitioner filed a *pro se* post-conviction habeas corpus petition in the state district court. (Exhibit 60). Counsel, appointed to represent petitioner, filed a supplemental petition on May 23, 2011. (Exhibit 67). Following a hearing on the petition, the state district court denied the petition by order filed January 16, 2012. (Exhibit 74). Petitioner appealed the denial of

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 13-19.

his post-conviction habeas petition. (Exhibit 76). On November 14, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exhibit 96). Remittitur issued on December 11, 2012. (Exhibit 98).

While his first post-conviction appeal was pending, petitioner filed a *pro se* petition for writ of mandamus in the Nevada Supreme Court on August 14, 2012, challenging the Nevada Department of Corrections' application of credits to his sentences. (Exhibit 93). On September 12, 2012, the Nevada Supreme Court denied the petition for a writ of mandamus. (Exhibit 94). A notice in lieu of remittitur issued on December 11, 2012. (Exhibit 99).

On February 19, 2013, petitioner filed a *pro se* motion to withdraw his guilty plea in the state district court. (Exhibit 101). On June 25, 2013, petitioner filed a *pro se* motion to vacate judgment and/or modification of sentence. (Exhibit 112). On July 26, 2013, the state district court denied petitioner's motion to vacate judgment and/or modification of sentence. (Exhibit 115). On August 22, 2013, the state district court denied petitioner's motion to withdraw his guilty plea. (Exhibit 121). Petitioner appealed the denial of the motions. (Exhibit 124). On March 11, 2014, the Nevada Supreme Court affirmed the denial of both motions. (Exhibit 141). The Nevada Supreme Court ruled that the motion to withdraw guilty plea was barred by latches. (*Id.*). The Nevada Supreme Court dismissed the appeal from the order denying the motion to vacate judgment and/or modification of sentence for lack of jurisdiction because the notice of appeal was not timely filed. (*Id.*). Remittitur issued on April 7, 2014. (Exhibit 143).

On November 6, 2013, petitioner filed a *pro se* motion to set aside the judgment of conviction. (Exhibit 136). The state district court took the motion off calendar. (Exhibit 142, at Exhibit C, Court Minutes of December 3, 2013). Petitioner filed another motion to set aside the judgment on March 26, 2014. (Exhibit 142). On May 22, 2014, the state district court denied the motion to set aside the judgment. (Exhibit 151). Petitioner appealed the order and the Nevada Supreme Court affirmed the denial of the motion by order filed November 13, 2014. (Exhibit 156). Remittitur issued on December 10, 2014. (Exhibit 157).

On April 16, 2014, petitioner dispatched the federal habeas petition to this Court. (ECF No. 6, at p. 1). Respondents move to dismiss the petition. (ECF No. 12). Petitioner has filed an

opposition to the motion to dismiss. (ECF No. 21). Respondents have filed a reply to the opposition. (ECF No. 22). Petitioner then filed a document entitled "judicial notice." (ECF No. 23). Respondents filed a response to petitioner's judicial notice. (ECF No. 24). Petitioner filed a "supplemental judicial notice." (ECF No. 25). Having reviewed all documents filed in this action, the Court now rules on the motion to dismiss the petition.

**II. Discussion**

Respondents assert that the federal petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again

-3-

from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a federal habeas petition, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

In the present case, petitioner's judgment of conviction was filed on June 16, 2010. (Exhibit 56). A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. In this case, petitioner did not pursue a direct appeal of his judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(A); NRAP 4. Thus, petitioner's conviction became final on July 16, 2010, which was the deadline for filing a direct appeal of the judgment of conviction. The one-year AEDPA statute of limitations began to run on July 17, 2010.

Petitioner filed a post-conviction state habeas petition on October 20, 2010. (Exhibit 60). During the period of time from July 17, 2010 (the day after petitioner's judgment became final) to October 20, 2010 (the date on which petitioner filed his post-conviction habeas petition) a total of 96 days elapsed. Because petitioner had no state post-conviction or other collateral review pending during this time period, the 96 days are not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2).

Petitioner began litigating his post-conviction habeas petition in the state courts on October 20, 2010, when he filed the petition. (Exhibit 60). The proceedings concluded on December 11, 2012, the date of issuance of remittitur after the Nevada Supreme Court affirmed the denial of his

-4-

petition. (Exhibits 96 & 98). The time during which petitioner's post-conviction habeas petition was pending in the state courts is statutorily tolled. *See* 28 U.S.C. § 2244(d)(2).

The Court notes that petitioner also filed a petition for a writ of mandamus in the Nevada Supreme Court on August 14, 2012. (Exhibit 93). The mandamus proceedings concluded on December 11, 2012, the same date that petitioner's appeal of the denial of his post-conviction habeas petition concluded. (Exhibits 98 & 99). As such, the litigation of the mandamus petition did not toll any additional time.

Petitioner filed a motion to withdraw his guilty plea on February 19, 2013. (Exhibit 101). The Nevada Supreme Court ruled that petitioner's motion to withdraw his guilty plea was untimely, and due to inexcusable delay, consideration of the motion was precluded by the equitable doctrine of latches. (Exhibit 141, at pp. 1-2). A habeas petitioner's state post-conviction proceeding, which was rejected by the state court as untimely, is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. at 412-16; 28 U.S.C. § 2244(d)(2). Because the motion to withdraw his guilty plea was not "properly filed," the time period during which it was pending did not toll the statute of limitations. *Id*.

The federal statute of limitations was not tolled again until June 25, 2013, when petitioner filed his motion to vacate judgment and/or modification of sentence. (Exhibit 112). The time period from December 12, 2012 (the day after the remittitur issued in petitioner's state post-conviction habeas proceedings) until June 25, 2013 (the date on which petitioner filed his motion to vacate judgment and/or modification of sentence) is 196 days. Because petitioner had no "properly filed" application for state post-conviction or other collateral review pending during this time period, the 196 days are not statutorily tolled. 28 U.S.C. § 2244(d)(2).

Petitioner's motion to vacate judgment and/or modification of sentence was filed on June 25, 2013. (Exhibit 112). The state district court denied the motion on July 26, 2013. (Exhibit 115). The Nevada Supreme Court ruled that petitioner's notice of appeal of the order denying the motion was untimely, and as such, it lacked jurisdiction to consider the appeal. (Exhibit 141, at p. 2). Because petitioner never properly filed an appeal from the denial of his motion, the AEDPA statute of limitations was tolled for only the 31 days that the motion was pending in the state district court.

Petitioner's motion to vacate judgment and/or modification of sentence was denied on July 26, 2013. (Exhibit 115). Although petitioner was still litigating his motion to withdraw guilty plea at this time, litigation of that motion did not toll the AEDPA statute of limitations, as discussed *supra*. The AEDPA statute of limitations continued to run from July 26, 2013, until November 6, 2013, when petitioner filed his motion to set aside his judgment of conviction. (Exhibit 136).[2] Specifically, during the time period from July 27, 2013 (the day after the state district court denied petitioner's motion to vacate judgment and/or modification of sentence) until November 6, 2013 (the day on which petitioner filed a motion to set aside his judgment of conviction) 103 days elapsed. Because petitioner had no properly filed application for state post-conviction or other collateral review pending during this time, the 103 days are not statutorily tolled. *See* 28 U.S.C. § 2244(d)(2).

As of November 6, 2013, a total of 395 days of untolled time elapsed and petitioner had not yet filed his federal habeas petition. An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Thus, the time during which petitioner's motion to set aside his judgment of conviction was litigated is not statutorily tolled, because it was filed after the expiration of the AEDPA statute of limitations.

The first page of the federal habeas petition indicates that petitioner dispatched (gave to prison staff for mailing) his petition to this Court on April 16, 2014. (ECF No. 6, at p. 1). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials (dispatched) for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). As such, the Court deems petitioner's federal petition as filed on April 16, 2014. From

---

[2] The Court recognizes that petitioner filed two motions to set aside the judgment of conviction in the state district court. The first such motion was filed on November 6, 2013, and the second motion was filed on March 26, 2014. (Exhibits 136 & 142). In calculating the AEDPA statute of limitations, the Court uses the November 6, 2013 filing date, so as to construe the state court filings in a manner most favorable to petitioner.

-6-

November 6, 2013, to April 16, 2014, an additional 162 days of untolled time elapsed. Because petitioner had no properly filed application for state post-conviction or other collateral review pending during this time, the time period is not statutorily tolled. In total, 557 days of untolled time elapsed between the date that petitioner's conviction became final and the date petitioner dispatched his federal petition for mailing. The federal petition was filed after the expiration of the AEDPA statute of limitations and is subject to dismissal on this basis.

In his opposition, petitioner asserts that he is entitled to delayed accrual of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(B) until after the state district court denied a motion to withdraw counsel. (ECF No. 21, at p. 2). The Ninth Circuit has held that a petitioner "is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if [the state-created impediment] altogether prevented him from presenting his claims in any form, to any court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (citing *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)). The motion to withdraw counsel that was pending in the state district court did not constitute a state-created impediment that prevented petitioner from filing any claims in any court. Petitioner is not entitled to delayed accrual of the statute of limitations based on the pendency of the motion to withdraw counsel.

Petitioner also argues that the statute of limitations should have been tolled during the time that his motion to withdraw his guilty plea was pending, because the Nevada Supreme Court erred in applying the doctrine of latches *sua sponte*. (ECF No. 21, at pp. 2-3). Petitioner's motion to withdraw his guilty plea was governed by NRS 176.165. (Exhibit 101). NRS 176.165 permits withdrawal of a guilty plea after sentencing "to correct manifest injustice." The controlling Nevada case law in effect at the time of petitioner's motion was that "consideration of the equitable doctrine of latches is necessary in determining whether a defendant has shown 'manifest injustice' that would permit withdrawal of a plea after sentencing." *Hart v. State*, 1 P.3d 969, 972 (Nev. 2000), *overruled by Harris v. State*, 329 P.3d 619 (Nev. 2014). The Nevada Supreme Court was required by Nevada law to apply the equitable doctrine of latches to petitioner's post-sentencing motion to withdraw his guilty plea. The Nevada Supreme Court did not err in applying the doctrine of latches. Petitioner's post-sentencing motion to withdraw his guilty plea was not properly filed under Nevada

law at the time, and therefore, did not toll the statute of limitations. *See Pace v. DiGuglielmo,* 544 U.S. at 412-16

Petitioner argues that the time period during which he was appealing the denial of his motion to vacate judgment and/or modification of sentence should be statutorily tolled. (ECF No. 21, at pp. 3-4). Petitioner contends that although his appeal was dismissed for lack of jurisdiction because the notice of appeal was untimely, it was not his fault because he was not aware that his motion had been denied. (ECF No. 21, at p. 4). The state district court denied petitioner's motion to vacate judgment and/or modification of sentence on July 26, 2013. (Exhibit 115). On August 9, 2013, petitioner filed a "motion to rescind order denying relief" that specifically asked the state district court to rescind its order denying his motion to vacate judgment and/or modification of sentence. (Exhibit 117). In that motion petitioner acknowledged that on July 30, 2013, he had received a copy of the order denying his motion to vacate judgment and/or modification of sentence. (*Id.*, at p. 1). Petitioner's motion to rescind was filed 14 days after the district court denied the motion to vacate judgment and/or modification of sentence. Petitioner knew that his motion had been denied and he could have filed a timely notice of appeal. Because petitioner did not file a timely appeal of the denial of his motion to vacate judgment and/or modification of sentence, and because the appeal was dismissed for lack of jurisdiction, it did not toll the statute of limitations.

Petitioner asserts that he raised an actual innocence claim in his petition, and that this overcomes the untimeliness of his petition. (ECF No. 21, at pp. 6-8). A federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of actual innocence, allowing the court to review the petition on the merits. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013); *see also Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the Court may consider the petition on the merits. *See Schlup v. Delo*, 513 U.S. 298 (1995). Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence – that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327. The *Schlup* standard permits review only in the "extraordinary" case. *Id.* at 324. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).

In this case it is questionable whether petitioner, who pled guilty to the underlying crimes in this case, may raise a claim of actual innocence. The Ninth Circuit has not decided "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States*, 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F.3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080 (9th Cir. 2013). There is no binding precedent for applying the actual innocence gateway to cases such as this one.

Even assuming that the actual innocence gateway is available to petitioner, he fails to meet the required threshold standard. Petitioner contends that Ground 3 of his federal habeas petition presents a claim of actual innocence, but it actually presents a claim of insufficiency of the evidence pursuant to *Jackson v. Virginia*, 443 U.S. 307 (1979). Moreover, petitioner has not alleged the existence of any new reliable evidence of innocence, therefore, he cannot pass through the *Schlup* actual innocence gateway to allow this Court to reach the merits of his petition. Petitioner's conclusory allegations of innocence are insufficient to allow this Court to consider the merits of his time-barred claims. The petition must be dismissed as untimely.

///

### III. Certificate of Appealability

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 12th day of August, 2015.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE